IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-03079

ROBERT R. DUFRESNE etc., et al.,

  *Plaintiffs*,

    v.

PDC ENERGY, INC., et al.,

  *Defendants*.

ROCKIES REGION 2006 LP; and
ROCKIES REGION 2007 LP,

  *Nominal Defendants*.

---

## DISMISSAL ORDER

---

Having considered the October 17, 2019 Stipulation and Request for Dismissal [ECF No. 58] filed by all parties to this Action (the "Stipulation") and the findings of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") described therein, **IT IS HEREBY ORDERED THAT:**

1. Federal Rule of Civil Procedure 23.1(c) provides: "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders."

1

2. Bankruptcy Rule 9019(a) gives federal bankruptcy courts the authority to approve settlements: "On a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

3. As provided in the Confirmation Order set forth in Exhibit C to the Stipulation, notice of the settlement and an opportunity to object was given to the limited partners in the Partnerships.

4. The Bankruptcy Court approved the settlement of all claims pending in this Action as fair and reasonable to the limited partners, after notice and a hearing, as set forth in the Confirmation Order attached as Exhibit C to the Stipulation. The Bankruptcy Court's Confirmation Order is now final and non-appealable, as the time to appeal has expired and no appeal has been filed.

5. The Bankruptcy Court's Confirmation Order approving the Plan and the settlement set forth therein is binding in this Action pursuant to principles of res judicata. *In re Mersmann*, 505 F.3d 1033 (10th Cir. 2007) (confirmed plan binds the debtor and each creditor, which "serves the same purpose as the general doctrine of res judicata"); *In re Heritage Hotel Partnership I*, 160 B.R. 374, 377 (9th Cir. B.A.P. 1993), *aff'd* 59 F.3d 175, 1995 WL 369528 (9th Cir. 1995) ("It is now well-settled that a bankruptcy court's confirmation order is a binding, final order, accorded full res judicata effect ..."); *In re Space Bldg. Corp.*, 206 B.R. 269, 272–73 (D. Mass. 1996) ("The Order of Confirmation of the Bankruptcy Court has binding effect and is res judicata"); *Matter of Penrod*, 169

B.R. 910, 916 (Bankr. N.D. Ind. 1994), *appeal decided by* 50 F.3d 459 (7th Cir. 1995); *In re Curry*, 99 B.R. 409, 411 (Bankr. C.D. Ill. 1989).

6. Accordingly, this Action is dismissed with prejudice. All parties are to bear their own fees and costs except as expressly provided in the Plan.

Dated October 23, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge